NOT DESIGNATED FOR PUBLICATION

No. 120,131

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF THE MARRIAGE OF
JENNA ANN EVANS,
*Appellant*,

and

GREGORY GARRETT EVANS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed August 9, 2019. Affirmed.

*Joseph W. Booth*, of Law Office of Joseph W. Booth, of Lenexa, and *Melissa Kelly Schroeder*, of The Kelly Law Firm, L.L.C., of Lenexa, for appellant.

*Gregory Garrett Evans*, appellee pro se.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM: Jenna Ann Evans appeals the district court's dismissal of her Kansas divorce action based on its ruling that Hawaii, not Kansas, had jurisdiction as her children's "home state" under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA). Jenna asserts that the Kansas district court erred in finding that Hawaii was the home state. But by the time the Kansas district court dismissed Jenna's case, the Hawaii district court had entered an initial child-custody order in the divorce action pending in that state, it had held that it had jurisdiction as the children's "home state," and it had ruled that it would not decline to exercise that jurisdiction. Under these

1

circumstances, the Kansas district court had no choice but to dismiss Jenna's Kansas divorce petition. Thus, we affirm the district court's judgment.

Jenna and Gregory Garrett Evans were married on April 22, 2012. There are two minor children of the marriage. The children were born in Hawaii and the family of four lived there until September 30, 2017, when Jenna and the children came to Kansas. The parties disagree about whether Jenna intended to move to Kansas permanently or whether she intended a more temporary stay. In any event, Jenna and the children went back to Hawaii on March 6, 2018, but on April 24, 2018, they returned to Kansas.

On May 1, 2018, Gregory filed a divorce action in Hawaii and sought custody of the children. On May 10, 2018, the Hawaii district court granted temporary relief to Gregory and ordered the children returned to Hawaii. On May 24, 2018, the children returned to Hawaii and Jenna filed her divorce action in Kansas on that same day.

On July 16, 2018, the Kansas district court and the Hawaii district court held a joint telephonic hearing over which state had jurisdiction under the UCCJEA. Jenna and Gregory were each represented at the hearing by Kansas counsel and Hawaii counsel.

The hearing began with the Hawaii attorneys presenting argument to the Hawaii court. Gregory argued that Hawaii was the home state and that the children's time in Kansas from September 2017 to March 2018 was a "temporary absence" from Hawaii. Jenna argued that Kansas was the children's home state and their return to Hawaii from March 2018 to April 2018 was a temporary absence from Kansas. After hearing argument, the Hawaii district court agreed with Gregory and ruled: "I will not decline to exercise jurisdiction. I will make the determination that Hawaii has initial child custody determination [*sic*] as well as Maui, Hawaii was the home state of the children prior to six months of [*sic*] the filing of the complaint here."

2

At that point, the Kansas district court allowed Kansas counsel to "mak[e] their record" in Kansas. The district court did not prevent either party from presenting evidence, but counsel only made oral argument. Like their counterparts in Hawaii, Gregory's counsel argued that Hawaii was the home state and Jenna's counsel argued that Kansas was the home state, based on their differing characterizations of the time spent by the children in both states. The Kansas district court ruled from the bench that it "did not find Kansas to be the home state." Instead, the court found that "Kansas is without jurisdiction," so it "[d]ismiss[ed] the Kansas case and releas[ed] to the State of Hawaii based on [the Hawaii district court's] findings."

On August 21, 2018, the Kansas district court filed its written journal entry, which stated in part:

"5. Based on evidence and arguments, both Hawaiian and Kansas Courts find that Hawaii is the minor children's home state under the UCCJEA.

"6. The Court finds Mother and the minor children were present in Kansas from September 30, 2017 until March 6, 2018. Children were born and raised in Hawaii until September 30, 2017, then Mother and the minor children returned to Hawaii March 6, 2018 until April 24, 2018. Father filed his divorce action in Hawaii on May 1, 2018. Based on these findings the court finds that the children's home state as defined in K.S.A. [] 23-37,101(8) is Hawaii, and therefore Initial Child-Custody Jurisdiction pursuant to K.S.A. [] 23-37,201(a)(1) rests with Hawaii.

"[7]. Any prior orders issued by this state are now terminated and until a court of competent jurisdiction determines otherwise, Hawaii holds child-custody jurisdiction.

"[8]. The Kansas divorce action is dismissed and the Hawaiian action shall proceed."

Jenna timely appealed the district court's judgment. We pause to resolve the parties' disagreement over whether our analysis should be guided by the Kansas district court's oral ruling or its later written journal entry. "[A] district court's journal entry of

3

judgment in a civil case controls over its prior oral statements from the bench." *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 10, 287 P.3d 287 (2012).

On appeal, Jenna argues: (1) The Kansas district court erred in finding that Hawaii had home state jurisdiction, and (2) the Kansas district court used the wrong test to determine whether the time Jenna and the children were in Hawaii during March and April 2018 was a temporary absence from Kansas. Gregory argues that the district court correctly determined that Kansas did not have home state jurisdiction.

The court's determination of a child's home state under the UCCJEA implicates subject matter jurisdiction. Subject matter jurisdiction raises of question of law subject to unlimited review. *In re A.A.-F.*, 310 Kan. ___, ___ P.3d ___, No. 117,368, 2019 WL 3047665, at *7 (Kan. 2019).

Kansas and Hawaii both have adopted the UCCJEA. See *In re A.A.*, 51 Kan. App. 2d 794, 804, 354 P.3d 1205 (2015) (noting that all states except Massachusetts have adopted the UCCJEA). "The UCCJEA seeks to avoid jurisdictional competition between the courts of different states over child-custody matters. It does so through rules that generally make sure that only one state at a time has jurisdiction (authority) over child-custody matters in any particular family." 51 Kan. App. 2d at 804.

Generally, under the UCCJEA, only a court in the child's "home state" has jurisdiction to issue an initial "child-custody determination," such as the Hawaii court's order returning custody to Gregory. See K.S.A. 2018 Supp. 23-37,102(4) (defining "child-custody determination"); K.S.A. 2018 Supp. 23-37,201(a)(1) (explaining which court has "jurisdiction to make an initial child-custody determination"). "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody

proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period." K.S.A. 2018 Supp. 23-37,102(8).

As discussed above, by the time Jenna filed her divorce action in Kansas, the Hawaii district court had issued at least one child-custody order. The UCCJEA states that except in matters implicating temporary emergency action not at issue here,

> "a court of this [S]tate which has made a child-custody determination consistent with [the requirements for initial child-custody jurisdiction] has exclusive, continuing jurisdiction over the determination until:
>
> > "(1) A court of this [S]tate determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this [S]tate and that substantial evidence is no longer available in this [S]tate concerning the child's care, protection, training, and personal relationships." K.S.A. 2018 Supp. 23-37,202(a)(1); Haw. Rev. Stat. § 583A-202(a)(1).

Our Supreme Court has ruled that this provision of the UCCJEA allows only the court that issued the initial child-custody order to determine whether it has continuing jurisdiction. See *In re Adoption of H.C.H.*, 297 Kan. 819, 835-36, 304 P.3d 1271 (2013). In so ruling, the Kansas Supreme Court cited a comment to the UCCJEA that explained: "'The use of the phrase "a court of this state" under subsection [(a)(1)] makes it clear that the original decree state is the sole determinant of whether jurisdiction continues.'" 297 Kan. at 836. In other words, "once an initial custody determination has been made, the state that made it generally retains exclusive jurisdiction over later custody issues until an event listed in the UCCJEA . . . occurs." *In re A.A.*, 51 Kan. App. 2d at 804.

Our Supreme Court most recently addressed a "home state" issue under the UCCJEA in *In re A.A.-F.* We need not discuss that case in detail because it is distinguishable from our case and the court's decision in *In re A.A.-F.* rests largely on principles of comity. See 2019 WL 3047665, at *9-12. But the court in *In re A.A.-F.*

again observed that under the UCCJEA: "Once a home state exercises jurisdiction over a child-custody proceeding, it generally has 'exclusive, continuing jurisdiction' until a court makes findings that fall within a UCCJEA provision recognizing certain circumstances under which a different court may exercise jurisdiction." 2019 WL 3047665, at *8.

Here, when the Hawaii district court issued the initial child-custody determination and ordered the children returned to Hawaii, it established exclusive continuing jurisdiction over the child-custody proceedings, and it is the only court that can determine whether that jurisdiction continues. During the joint telephonic hearing, the Hawaii district court found that it had jurisdiction over the proceedings and it did not wish to relinquish that jurisdiction. At that point, given the Hawaii district court's assertion of exclusive jurisdiction, the UCCJEA required that the Kansas district court dismiss Jenna's Kansas proceedings for lack of jurisdiction.

During the joint telephonic hearing, Jenna's Hawaii counsel argued that the Hawaii district court lacked jurisdiction to issue the initial child-custody order. The Hawaii district court rejected that argument. If Jenna wishes to contest the Hawaii district court's exercise of initial, continuing, or exclusive jurisdiction, Hawaii is the proper forum, not Kansas. "We have no jurisdiction to review an order from a district court of another state," even when it affects whether Kansas has jurisdiction under the UCCJEA. See *Bradfield v. Urias*, No. 116,843, 2018 WL 560406, at *5-6 (Kan. App. 2018) (unpublished opinion) (holding that it lacked jurisdiction to review Nebraska order made under the UCCJEA). For all these reasons, the Kansas district court did not err in dismissing Jenna's divorce petition.

Affirmed.